# ORIGINAL

# In the United States Court of Federal Claims

No. 14-405C

(Filed: August 25, 2014)

**(NOT TO BE PUBLISHED)**

**FILED**

AUG 2 5 2014

U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| **SKYE VEHR,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **SOCIAL SECURITY** | ) |
| **ADMINISTRATION,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Skye Vehr, *pro se*, Washington, D.C.

Elizabeth Anne Speck, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With her on the briefs were Stuart F. Delery, Assistant Attorney General, Civil Division, Robert E. Kirschman, Jr., Director, and Scott D. Austin, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER

LETTOW, Judge.

On May 12, 2014, plaintiff, Skye Vehr, filed a complaint in this court. The government responded to this complaint with a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC") and for failure to state a claim upon which relief can be granted pursuant to RCFC 12(b)(6). Def.'s Mot. to Dismiss ("Mot. to Dismiss"), ECF No. 5.

## STANDARDS FOR DECISION

The Tucker Act grants this court jurisdiction over monetary claims against the federal government "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The

Tucker Act is a waiver of sovereign immunity and enables a plaintiff to sue the United States for monetary damages in certain circumstances. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). The Act, however, does not itself create a substantive right to monetary relief from this court. *United States v. Testan*, 424 U.S. 392, 398 (1976); *see also Martinez v. United States*, 333 F.3d 1295, 1302-03 (Fed. Cir. 2003) (en banc). "A substantive right must be found in some other source of law," *Mitchell*, 463 U.S. at 216, and the plaintiff must point to such a source that mandates payment from the United States for the injury suffered. *Testan*, 424 U.S. at 400.

The "court must satisfy itself that it has jurisdiction to hear and decide a case before proceeding to the merits." *Hardie v. United States*, 367 F.3d 1288, 1290 (Fed. Cir. 2004) (internal quotation marks omitted) (quoting *PIN/NIP, Inc. v. Platte Chem. Co.*, 304 F.3d 1235, 1241 (Fed. Cir. 2002)). When considering a motion to dismiss for lack of subject matter jurisdiction, the court will "normally consider the facts alleged in the complaint as true and correct." *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). The complaint "must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." *Holley v. United States*, 124 F.3d 1462, 1465 (Fed. Cir. 1997). The party seeking to establish the court's jurisdiction bears the burden of proving it by a preponderance of the evidence. *McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936); *Reynolds*, 846 F.2d at 748. In construing pleadings filed by *pro se* plaintiffs, the court generally holds them to "'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam) (internal quotation marks omitted)). "This latitude, however, does not relieve a *pro se* plaintiff from meeting jurisdictional requirements." *Bernard v. United States*, 59 Fed. Cl. 497, 499 (2004), *aff'd*, 98 Fed. Appx. 860 (Fed. Cir. 2004); *see also Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995). Thus, even as a *pro se* plaintiff, Ms. Vehr "bears the burden of establishing the [c]ourt's jurisdiction by a preponderance of the evidence." *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)).

## ANALYSIS

Ms. Vehr's two-page complaint consists of brief descriptive phrases of alleged misconduct by undisclosed individuals. It is devoid of any statutory citations. Because Ms. Vehr identified "Social Security" as the defendant and refers to a "payee" in her complaint, the court assumes that Ms. Vehr may, in part, be seeking monetary damages related to social security payments. This court, however, does not have jurisdiction over claims for social security benefits. *See Marcus v. United States*, 909 F.2d 1470, 1471 (Fed. Cir. 1990). Such claims can only be filed in federal district courts. *Id.* (citing 42 U.S.C. §§ 405(g), (h)). To the extent that Ms. Vehr is attempting to allege other violations of law, she has not stated sufficient facts with the requisite specificity to show that this court has subject matter jurisdiction over her complaint. *See Holley*, 124 F.3d at 1465; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

2

## CONCLUSION

Ms. Vehr's complaint fails to state a claim over which the court has subject matter jurisdiction. Accordingly, the government's Motion to Dismiss is GRANTED pursuant to RCFC 12(b)(1), and the complaint shall be dismissed without prejudice.

The clerk is directed to enter judgment in accord with this disposition.

No costs.

It is so **ORDERED**.

Charles F. Lettow
Judge